TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00116-CV






Dutchmen Manufacturing, Inc., Appellant


v.


Texas Department of Transportation, Motor Vehicle Division, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT

NO. D-1-GN-09-004112, HONORABLE TIM SULAK, JUDGE PRESIDING





C O N C U R R I N G O P I N I O N


 I join in the majority's judgment affirming the district court's judgment affirming
the Motor Vehicle Division's final order, but depart from the majority's analysis of Dutchman's
first issue. Construing subchapter M of occupations code chapter 2301 (a/k/a the "Lemon Law") as
a whole, as we are required to do, (1) section 2301.606 merely imposes a set of procedural requirements
governing the Director's administrative adjudication of the substantive rights and remedies created
in sections 2301.603 and 2301.604. See Tex. Occ. Code Ann. §§ 2301.603, .604, .606 (West 2012).
Consequently, the "opportunity to cure the alleged defect or nonconformity" contemplated by
section 2301.606, subsection (c), entails the "reasonable number of [repair] attempts" that
section 2301.604 makes a prerequisite for the remedy of replacement or return. Compare id.
§ 2301.604 with id. § 2301.606. But for the reasons stated in footnote 7 of the majority's opinion,
I agree that the unchallenged or undisputed facts would give rise to a rebuttable presumption under
section 2301.605 that Dutchman (directly or through its agents) was afforded a "reasonable number
of [repair] attempts" here and that substantial evidence would support a finding that this requirement
was satisfied here. Id. § 2301.605. I also agree that substantial evidence supports the Director's
finding of a substantial impairment in value. See id. §§ 2301.601(1), .604. For these reasons,
I concur in the judgment.



 __________________________________________

 Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Filed: August 17, 2012
1. See, e.g., Great-West Life & Annuity Ins. Co. v. Texas Attorney Gen. Child Support Div.,
331 S.W.3d 892, 893 (Tex. App.--Austin 2011, pet. denied) ("We consider [a statute's] words in
context, not in isolation.") (citing State v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2002)).